UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANET KOREEN,                          No. 2:09-cv-02589-MCE-JFM

       Plaintiff,

    v.                                  **ORDER**

TAHOE JOE's, INC., BUFFETS,
INC., and Does 1 through 25,
inclusive

       Defendants.

----oo0oo----

    This is an action for employment discrimination under the
provisions of California's Fair Employment and Housing Act,
California Government Code § 12900, et seq.  Defendants Tahoe
Joe's Inc. and Buffets, Inc. ("Defendants") removed Plaintiff's
lawsuit, originally commenced in the Superior Court for the
County of Solano, to this Court, citing diversity jurisdiction
under 28 U.S.C. § 1332.  Plaintiff now moves for remand back to
state court on grounds that Defendants' principal place of
business is California, and not Minnesota, and that consequently
the requisite diversity is not present.

1

1     Defendants, as the removing parties, bear the burden of

2  establishing federal jurisdiction.  Ethridge v. Harbor House

3  Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  Plaintiff correctly

4  points out in her moving papers that for purposes of establishing

5  a corporation's principal place of business, inquiry must be made

6  as to which state contains the substantial predominance of

7  corporate operations.  Tosco Corp. v. Communities for a Better

8  Environment, 236 F.3d 495, 500.  While Defendants appear to

9  contend that under the "nerve center" test for establishing a

10  corporation's principal place of business, Minnesota qualifies

11  since the majority of Defendants' executive and administrative

12  functions are allegedly performed there, the law is clear that

13  the "nerve center" test should be used only when no state

14  contains a substantial predominance of a corporation's business

15  activities.  Industrial Tectonics , Inc. v. Aero Alloy, 912 F.2d

16  1090, 104 (9th Cir. 1990).  Consequently, a quantitative and

17  comparative analysis of Defendants' business activities must be

18  made for purposes of establishing its principal place of business

19  for diversity purposes.  Ganezer v. DirectBuy, Inc., 2009 WL

20  363908 (N.D. Cal. Feb. 11, 2009).  Defendants have failed to make

21  this analysis, stating only that it has some 180 employees

22  working in Minnesota, while conceding that all of Tahoe Joe's

23  restaurants, along with a support center, are located in

24  California.  The situation is further muddled by documents

25  attached by Defendants to the Graber Declaration which suggest

26  that Defendants' Minnesota headquarter may also serve as

27  management for other affiliated restaurant chains, including Home

28  Town Buffet and Ryan's Restaurant.

1    Given Defendants' failure to provide the requisite

2    comparitive analysis, the Court would be justified in granting

3    Plaintiff's Motion for Remand.  See Ganezer v. DirectBuy, Inc.,

4    2009 WL 363909 at * 4 (granting motion to remand since

5    defendant's failure to provide comparative data resulted in

6    failure to prove diversity jurisdiction).  Nonetheless, the Court

7    will permit additional briefing to address these factors before

8    reaching any final decision as to the merit of Plaintiff's

9    Motion.  Defendants are directed to provide comparative data

10   regarding its total annual revenue, the relevant percentage of

11   its revenue generated from California locations, and how the

12   revenue from its California locations compares with revenues

13   generated by its outlets located in other states.  Defendants are

14   further directed to provide data concerning its number of

15   employees located in California, as compared to other states,

16   including Minnesota.  Defendants should clarify whether the 180

17   employees it identifies as being employed in Minnesota work

18   solely for Defendants as opposed to other restaurant and/or

19   business entities affiliated with Defendants.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

3

1       In order to accommodate this further briefing, the hearing

2   on Plaintiff's Motion to Remand (Docket No. 7) is continued to

3   Thursday, November 19, 2009 at 10:30 a.m.  Defendants are

4   directed to provide their supplemental briefing not later than

5   Thursday, November 12, 2009; Plaintiff may file a response to

6   that briefing not later than Monday, November 16, 2009.  Briefing

7   is not to exceed ten (10) pages in length.

8       IT IS SO ORDERED.

9    Dated: November 5, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE