UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JANET KOREEN, | No. 2:09-cv-02589-MCE-JFM |
| Plaintiff, | |
| v. | **ORDER** |
| TAHOE JOE's, INC., BUFFETS, INC., and Does 1 through 25, inclusive | |
| Defendants. | |

This is an action for employment discrimination under the provisions of California's Fair Employment and Housing Act, California Government Code § 12900, et seq. Defendants Tahoe Joe's Inc. and Buffets, Inc. ("Defendants") removed Plaintiff's lawsuit, originally commenced in the Superior Court for the County of Solano, to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves for remand back to state court on grounds that Defendants' principal place of business is California, and not Minnesota, and that consequently the requisite diversity is not present.

1

1        After reviewing the papers submitted in connection with
2   Plaintiff's Motion to Remand, the Court issued an Order on
3   November 6, 2009 pointing that for purposes of establishing a
4   corporation's principal place of business, inquiry must be made
5   as to which state contains the substantial predominance of
6   corporate operations.  <u>Tosco Corp. v. Communities for a Better</u>
7   <u>Environment</u>, 236 F.3d 495, 500.  The Court went on to find that
8   that Defendants, despite bearing the burden of establishing
9   federal jurisdiction (<u>Ethridge v. Harbor House Rest.</u>, 861 F.2d
10  1389, 1393 (9th Cir. 1988)), failed to provide the quantitative
11  and comparative analysis of its business operations in California
12  and elsewhere necessary to make that determination.  Although
13  remand would have been appropriate for that reason alone, the
14  Court nonetheless continued the hearing from November 12, 2009 to
15  November 19, 2009 in order to permit Defendants to provide
16  additional briefing and to make the required analysis.
17       On November 12, 2009, Defendants filed a Notice of
18  Submission indicating their assent to the reasoning contained
19  within the Court's November 6, 2009 Order.  No additional
20  briefing was provided.
21       Given Defendants' November 12, 2009 Notice of Submission,
22  and good cause having been demonstrated by Plaintiff's Motion to
23  Remand, said Motion (Docket No. 7) is GRANTED.[1]
24  ///
25  ///
26
27       [1]Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

2

1 The case is hereby remanded to the Superior Court of the State of
2 California in and for the County of Solano for all further
3 proceedings.
4    Plaintiff also requests attorney's fees incurred in having
5 to file her Motion. The Court may order a defendant to pay "just
6 costs and actual expenses, including attorney's fees" incurred as
7 a result of an improper removal. 28 U.S.C. § 1447(c). Such an
8 award is within the Court's discretion. <u>Martin v. Franklin</u>
9 <u>Capital Corp.</u>, 546 U.S. 132, 136 (2005). Here, Defendant
10 operated a chain of Tahoe Joe's restaurants, all located in
11 California. Nonetheless, it attempted to remove to federal court
12 on diversity grounds, claiming that administrative functions were
13 performed in Minnesota, but failing to consider the dispositive
14 inquiry as to where the substantial predominance of its
15 operations took place. Under those circumstances, the Court
16 believes that an award of attorney's fees is indicated.
17    Plaintiff's counsel, Laura Herron Webber, has presented a
18 declaration attesting to a total of six hours expended in
19 connection with the Motion to Remand, at an hourly rate of
20 $250.00 per hour. Because that estimate included counsel's
21 appearance at a hearing which the Court has determined is
22 unnecessary, the Court believes that five hour's time represents
23 adequate compensation.
24 ///
25 ///
26 ///
27 ///
28 ///

Counsel for Defendants is hereby directed to forward a check in the amount of $1,250.00 to Ms. Webber not later than ten (10) days following the date this Order is electronically filed.

IT IS SO ORDERED.

Dated: November 18, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE